IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LATASHA SENEE MARIE OWENS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | Civil Action No. 4:14-CV-707-Y |
| | § | |
| JODY R. UPTON, Warden,[1] | § | |
| FMC-Carswell, | § | |
| | § | |
| Respondent. | § | |

**<u>OPINION AND ORDER</u>**

Before the Court is a "Petition to the Director of the Federal Bureau of Prisons for Reduction of Term of Imprisonment," filed and docketed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 by Petitioner, Latasha Senee Marie Owens, a federal prisoner confined in FMC-Carswell, against Jody R. Upton, warden of FMC-Carswell, Respondent.

After having considered the petition and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

I.  Factual and Procedural History

Petitioner is serving a 40-month term of imprisonment on her 2013 conviction for conspiracy to possess with intent to distribute and distribution of cocaine and cocaine base (crack) in the United District Court for the Northern District of Ohio.  (J. in a Criminal

---

[1]Petitioner does not designate a respondent, however in a habeas proceeding brought by a prisoner, the proper respondent is the prisoner's immediate physical custodian, which is typically the warden of the facility where the prisoner is confined.  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  Petitioner is confined at FMC-Carswell.  According, the clerk of Court is directed to designate "Jody R. Upton, warden of FMC-Carswell, as Respondent.

Case, *United States v. Owens*, Criminal Docket No. 1:10-cr-432-LW-3, ECF No. 752.)  By way of this petition, she moves for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i) and United States Sentencing Guidelines Manual § 1B1.13 (A) on the basis that the loss of her twin babies during her incarceration "has taken a great toll on [her] and [her] life mentally + physically."

## II. Discussion

Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government.[2]  Therefore, no service has issued upon Respondent.

Title 18, United States Code, § 3582(c) provides that a "court may not modify a term of imprisonment once it has been imposed except" in very limited circumstances.  18 U.S.C. § 3582(c).  Section 3582(c)(1)(A)(i) provides an exception to the general rule such that "the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment . . ., after considering factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction."  The United States Sentencing Guidelines Manual reiterates that a court may reduce a term of imprisonment under the

---

[2]Section 2243, governing applications for writ of habeas corpus, provides:

> A Court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added).

conditions described in § 3582(c)(1)(A) "[u]pon motion of the Director of the Bureau of Prisons."

Here, the Court lacks the power to reduce Petitioner's sentence because there has been no such motion by the Director of the Bureau of Prisons.  Therefore, § 3582(c)(1)(A)(i) does not provide a jurisdictional basis for Petitioner's request for a reduction in her sentence.[3] *United States v. Early,* 27 F.3d 140, 142 (5th Cir. 1994).

For the reasons discussed, the Court DISMISSES Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction.

SIGNED September 2, 2014.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[3]This Court has previously held that when moving for a sentence reduction under § 3582(c)(1)(A)(i), a § 2241 action was proper.  See *Garcia v. Tamez,* No. 4:08-CV-292-Y, 2009 WL 400079, at *1 (N.D.Tex. Feb. 17, 2009).  However, the Fifth Circuit has opined that a court, other than the sentencing court, lacks jurisdiction to consider a § 3582(c) motion.  *Landazuri v. Hall,* 423 Fed. Appx. 475, 2011 WL 1659572, at *1 (5th Cir. Apr. 28, 2011).  *See also Braswell v. Gallegos,* 82 Fed. Appx. 633, 2003 WL 22854666, at * 2 n.2 (10th Cir. Dec. 2, 2003) (district in which federal inmate was imprisoned had no jurisdiction to modify sentence imposed by another district and the application for modification of the sentence should have been filed in district that imposed sentence); *Figueroa v. Chapman,* 347 Fed. Appx. 48, 2009 WL 2998697, at *1 (5th Cir. Sept. 21, 2009) ("[a] compassionate release request is not a matter of illegal or unconstitutional restraint" for purposes of § 2241 relief).  Therefore, in the event Petitioner may be successful in having the Director of the Bureau of Prisons move for a modification of her sentence under § 3582(c)(1)(A)(i) on the grounds asserted, the appropriate jurisdiction for such a motion is the federal judicial district that imposed her sentence.